UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| ABDULLAHI HASSAN, | 19-4131 |
|---|---|
| Plaintiff, | |
| vs. | MEMORANDUM OPINION AND ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERS, DIRECTING SERVICE, AND DENYING MOTION TO APPOINT COUNSEL |
| SANFORD MEDICAL CENTER, | |
| Defendant. | |

Pending before the Court is a Motion for Leave to Proceed in Forma Pauperis, Doc. 2, and Motion to Appoint Counsel, Doc. 3, filed by *pro se* plaintiff Abdullahi Hassan ("Hassan"). For the following reasons, Hassan's Motion for Leave to Proceed in Forma Pauperis, Doc. 2, is granted and the Court will direct that service be made upon defendant Sanford Medical Center ("Sanford"). Hassan's Motion to Appoint Counsel, Doc. 3, is denied without prejudice. Doc. 3.

### INTRODUCTION AND BACKGROUND

On July 26, 2019, Hassan filed a *pro se* complaint against Sanford. Doc. 1. In his Complaint, Hassan alleges that Sanford failed to address reports he made about incidents of racism that he experienced during the course of his employment with Sanford. Doc. 1. Attached to the Complaint[1] is an excerpt from the Charge of Discrimination ("the Charge") filed by Hassan that was stamped as being received by the EEOC on March 5, 2019. Doc. 1-1. In the Charge, Hassan states that he worked at Sanford from May 2012 until he was terminated in March 2018. Doc. 1-1.

The Charge also describes incidents of racial discrimination that Hassan experienced while at Sanford. Doc. 1-1. One time, Hassan reported to Sanford that he received an angry text message from a white co-worker accusing Hassan of "playing the race card" in order to obtain a raise. Doc. 1-1. Hassan states that when he reported the incident to Human Resources, he was told nothing would be done. Doc. 1-1. Hassan expressed in the Charge that he felt this lack of

---

[1] This attachment is part of the complaint for all purposes. *Hardridge v. Piccinini*, 694 Fed.Appx. 454, 454 (8th Cir. 2017) (citing Fed. R. Civ. P. 10(c)); *Williams v. Target Stores*, 479 Fed.Appx. 26, 28 (8th Cir. 2012) (citing Fed. R. Civ. P. 10(c)) ("[F]ederal rules require that the charge of discrimination [attached to the complaint] and the complaint be read together.")

1

care on behalf of Human Resources "perpetuated the hate and racism of the coworker who made the statement." Doc. 1-1. Hassan states that only upon realizing how upset he was at the inaction did Sanford finally act and suspend the individual. Doc. 1-1.

Hassan also states in the Charge that around January 2018, a white co-worker stated that he did not like working with African people and had made threats about the use of guns. Doc. 1-1. Hassan states that his complaints to Sanford about this individual's behavior were unaddressed. Doc. 1-1.

On August 9, 2019, Hassan filed a supplement to the Complaint that appears to be a printout of the text message he had received from his co-worker accusing him of "playing the race card" in order to receive a raise. Doc. 6.

Pending before the Court is a Motion for Leave to Proceed in Forma Pauperis, Doc. 2, and Motion to Appoint Counsel, Doc. 3, filed by Hassan.

## DISCUSSION

### I. Jurisdiction

As an initial matter, Hassan's asserted basis for federal subject matter jurisdiction should be clarified. "[F]ederal courts are courts of limited jurisdiction." United States v. Afremov, 611 F.3d 970, 975 (8th Cir. 2010). A district court "has a special obligation to consider whether it has subject matter jurisdiction in every case." Hart v. United States, 630 F.3d 1085, 1089 (8th Cir. 2011). "This obligation includes the concomitant responsibility 'to consider *sua sponte* [the court's subject matter] jurisdiction . . . where . . . [the court] believe[s] that jurisdiction may be lacking.'" *Id.* (quoting Clark v. Baka, 593 F.3d 712, 714 (8th Cir. 2010) (per curiam)).

The subject matter jurisdiction of this Court may derive from the citizenship of the parties, *see* 28 U.S.C. § 1332, a federal question posed by the underlying lawsuit, *see* 28 U.S.C. § 1331, or special circumstances covered by federal statute.

Although diversity jurisdiction does not exist in this case,[2] in construing the allegations made by Hassan in his Complaint, the Court concludes that Hassan's lawsuit poses a federal question.

---

[2] Diversity jurisdiction requires "complete diversity, that is 'where no defendant holds citizenship in the same state where any plaintiff holds citizenship.'" Junk v. Terminix Int'l Co., 628 F.3d 439, 445 (8th Cir. 2010) (quoting In re Prempro Prods. Liab. Litig., 591 F.3d 613, 620 (8th Cir. 2010)). Here, Hassan alleges that he and defendant Sanford are residents of South Dakota so diversity jurisdiction does not exist in this case.

2

Hassan alleges that his former employer, Sanford Medical Center, "has a history of failing to address [her] concerns about racism in the workplace." Doc. 1. Under Title VII of the Civil Rights Act of 1964, an "employer" is prohibited from discriminating against "any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). "Sexual discrimination that creates a hostile or abusive work environment is a violation of Title VII." *Hall v. Gus Constr. Co.*, 842 F.2d 1010, 1013 (8th Cir. 1988). "A hostile work environment 'arises when sexual conduct has the purpose or effect of unreasonably interfering with an individual's work performance or creating an intimidating, hostile, or offensive working environment.'" *Vajdl v. Mesabi Academy of KidsPeace, Inc.*, 484 F.3d 546, 550 (8th Cir. 2007) (quoting *Hall*, 842 F.2d at 1013).

The Court finds, in liberally construing Hassan's *pro se* Complaint, that the facts pleaded by Hassan raise a hostile work environment claim under Title VII of the Civil Rights Act.

I. **Motion to Proceed In Forma Pauperis**

There is a two-step screening process with in forma pauperis litigants. *Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982); *see also Key v. Does*, 217 F. Supp. 3d 1006, 1006 (E.D. Ark. 2016). First, district courts must determine whether a plaintiff is financially eligible to proceed in forma pauperis under 28 U.S.C. § 1915(a). *Id.* Second, district courts are to determine whether the complaint should be dismissed under 28 U.S.C. § 1915(e)(2)(B). *Id.*

A. *Application to Proceed in Forma Pauperis*

Hassan has filed with the Court an Application to Proceed in Forma Pauperis. Doc. 2.

This Court may authorize the commencement of suit without prepayment of fees when an applicant files an affidavit stating he is unable to pay the costs of the lawsuit. 28 U.S.C. § 1915. Determining whether an applicant is sufficiently impoverished to qualify to proceed *in forma pauperis* under § 1915 is committed to the court's discretion. *Cross v. Gen. Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983). "[I]n forma pauperis status does not require a litigant to demonstrate absolute destitution." *Lee v. McDonald's Corp.*, 231 F.3d 456, 459 (8th Cir. 2000) (citation omitted).

3

Based upon Hassan's application, Hassan indicates that he has very limited assets and that his expenses exceed his monthly income. Doc. 2. Additionally, he states that he has five children and is the only employed member of his household. Doc. 2. Considering the information in the financial affidavit, the Court finds that Hassan has made the requisite financial showing to proceed *in forma pauperis*.

### B. Screening of Complaint under 28 U.S.C. § 1915(e)(2)(B)

But the inquiry does not end there. Congress has directed this Court under 28 U.S.C. § 1915(e)(2)(B) to review and screen claims in a complaint being filed *in forma pauperis* to determine if they are: (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who has immunity. *See* 28 U.S.C. § 1915(e)(2)(B).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Aziz v. Burrows*, 976 F.2d 1158, 1158 (8th Cir. 1992) (quoting *Neitzke v. Williams*, 480 U.S. 319, 324 (1989)).

A complaint states a claim upon which relief may be granted if it contains sufficient factual matter, accepted at true to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action's elements, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). A plaintiff must demonstrate a plausible claim for relief, that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (citing Fed. R. Civ. P. 8(a)(2)). "Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id. (citation omitted).*

A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of

4

his claim which would entitle him to relief.'" *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). A reviewing court has the duty to examine a *pro se* complaint "to determine if the allegations provide for relief on any possible theory." *Williams v. Willits*, 853 F.2d 586, 588 (8th Cir. 1988). However, a court is not required to supply additional facts for a *pro se* plaintiff, nor construct a legal theory that assumes facts which have not been pleaded. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

To establish a prima facie case for a hostile work environment based on the actions of co-workers, a plaintiff must show that: 1) he or she is a member of a protected class; (2) he or she [was] subjected to unwelcome race-based harassment; (3) the harassment was because of membership in the protected class; (4) the harassment affected a term, condition, or privilege of his or her employment; and 5) the employer knew or should have known of the harassment and failed to take prompt and effective remedial action. *Anderson v. Durham D & M, L.L.C.*, 606 F.3d 513, 518 (8th Cir. 2010).

In his Charge, Hassan states that he is a black male from Somalia and that during his employment with Sanford, his employer failed to address reports he made about incidents of racial discrimination that he experienced in the workplace. One time, Hassan reported to Sanford that he received an angry text message from a white co-worker accusing Hassan of "playing the race card" in order to obtain a raise. Doc. 1-1. Hassan states that when he reported the incident to Human Resources, he was told nothing would be done. Doc. 1-1. Hassan expressed in the Charge that he felt this lack of care on behalf of Human Resources "perpetuated the hate and racism of the coworker who made the statement." Doc. 1-1. Hassan states that only upon realizing how upset he was at the inaction did Sanford finally act and suspend the individual. Doc. 1-1.

Hassan also states in the Charge that around January 2018, a white co-worker stated that he did not like working with African people and had made threats about the use of guns. Doc. 1-1. Hassan states that his complaints to Sanford about this man's behavior were unaddressed. Doc. 1-1.

At this juncture, the Court cannot say the Complaint is wholly without merit and directs service upon defendant, Sanford Medical Center.

## II. Motion to Appoint Counsel

"A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (citing *Wiggins v. Sargent*, 753 F.2d 663, 668 (8th Cir. 1985)). "In civil rights matters the court *may* pursuant to 28 U.S.C. § 1915 request an attorney to represent a party if, within the court's discretion, the circumstances are such that would properly justify such a request." *Mosby v. Mabry*, 697 F.2d 213, 214 (8th Cir.1982) (internal quotations and citation omitted).

In determining whether to appoint counsel to a *pro se* litigant's civil case, the district court considers the complexity of the case, the ability of the indigent litigant to investigate the facts, the existence of conflicting testimony, and the indigent's ability to present his claim. *Stevens*, 146 F.3d at 546 (citation omitted). Considering these factors, the Court does not deem it necessary to appoint counsel at this early stage in litigation.

The Court is aware that this situation may change as litigation progresses. As the Eighth Circuit Court of Appeals instructs, the Court will "continue to be alert to the possibility that, because of procedural complexities or other reasons, later developments in the case may show either that counsel should be appointed, or that strict procedural requirements should, in fairness, be relaxed to some degree." *Williams v. Carter*, 10 F.3d 563, 567 (8th Cir. 1993).

Accordingly, it is hereby ORDERED:

1. Hassan's Motion for Leave to Proceed in Forma Pauperis, Doc. 2, is **GRANTED**; and
2. Hassan's Motion to Appoint Counsel, Doc. 3, is **DENIED** without prejudice; and
3. Plaintiff shall complete and send to the Clerk of Court a summons and USM-285 form for the defendant. Upon receipt of the completed summons and USM-285 form, the Clerk of Court will issue the summons. If the completed summons and USM-285 form are not submitted as directed, the complaint may be dismissed; and
4. The United States Marshal shall serve the completed summons, together with a copy of the complaint and this order, upon defendant.

Dated this 28th day of January, 2020.

BY THE COURT:

*Lawrence L. Piersol* (signature)
Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW THELEN, CLERK

*Matthew Thelen* (signature)